UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSEPH VAN DAM, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:24-cv-00299-NT |
| WELLPATH MEDICAL, | ) ) ) | |
| Defendant | ) ) | |

### RECOMMENDED DECISION AFTER REVIEW
### OF PLAINTIFF'S COMPLAINT

Plaintiff, who is evidently serving a state sentence, seeks to recover damages allegedly resulting from the medical care he received while incarcerated at the Maine State Prison. (Complaint, ECF No. 1.) Plaintiff's complaint is subject to a preliminary review "before docketing, if feasible or … as soon as practicable after docketing," because plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). After a preliminary review of the complaint, I recommend the Court dismiss the matter.

### DISCUSSION

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). "While Wellpath is a corporation servicing [a correctional center], courts have held that private entities contracting with a state or local government to provide services are likely government actors." *Brison v. Wellpath, LLC*, 662 F.Supp.3d 67, 72 (D. Mass. Mar. 14, 2023). The § 1915A screening requires courts to

"identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question . . . in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'"  *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013); s*ee also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

Plaintiff's substantive allegations consist of the following: "I spent 4 months under the care of Wellpath (while an inmate of Maine State Prison).  I was not properly cared for

– I am in constant pain." (Complaint at 3.) The federal pleading rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Regardless of whether Plaintiff is attempting to allege a federal claim or a state law claim, Plaintiff has not alleged sufficient facts to support an actionable claim. For instance, Plaintiff has not alleged the condition for which he was treated, the type of treatment provided, or the reasons he believes the treatment was substandard and caused the pain from which he suffers. Because Plaintiff has not alleged enough facts to support a claim, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, I recommend the Court dismiss Plaintiff's complaint, unless within fourteen days of the date of this Recommended Decision, Plaintiff files an amended complaint that alleges an actionable claim.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of September, 2024.